**Anthony N. Iannarelli Jr.**
*Attorney at Law*
302A West 12th Street, No. 333
New York, NY 10014
212-431-1031

<u>Via Electronic Filing</u>                                              February 6, 2017
Hon. Edgardo Ramos
U.S. District Court Judge
U.S. Courthouse
Courtroom 619
40 Foley Square
New York, N.Y. 10007

    Re: <u>Ohlinger et al. v. Legend et al.</u>
      Civil Action No. 16-cv-2626

Dear Judge Ramos,

  I represent defendants in the above captioned matter.  I have provided my clients with a copy of counsel for plaintiffs, Mr. Gregory Smith, Esq.'s, letter of today's date.  They oppose the request to terminate the hearing on the residency issue. The reason is that, because of prior conduct, they do not trust plaintiffs.  They believe that once back in NYS Supreme Court, plaintiffs will allege again that they are owed a sum well in excess of $75,000.00.

  My clients' believe that plaintiffs are desperate to get this case out of federal court. For good reason because this case has already been litigated and settled in the U.S. District Court for the District of New Jersey.  They misled a U.S. Magistrate Judge, a federal mediator, and plaintiffs into believing that this matter was terminated once and for all.  Indeed, the federal mediator set up a fail-safe system, by taking possession of the keys to the warehouse where the merchandise was stored, to prevent such claims from ever occurring. (When we get to the merits of the case, we anticipate calling the mediator as a witness.)

  On October 22, 2014, plaintiffs filed a complaint in New Jersey District Court claiming that defendant Sean Chatoff was a resident of New Jersey.  We have already provided documentary evidence to prove that fact.  Only after the New Jersey case was settled did plainitffs change tactics and claim Mr. Chatoff was a New York resident for jurisdictional purposes.

  It is also noteworthy in Mr. Smith's letter that Mr. Chatoff is being blamed again by complaining, without offering a scintilla of evidence, that Mr. Chatoff purposely mislabeled boxes.  Throughout the history of these cases plaintiffs have blamed Mr. Chatoff, again and again, for facts that could not be proved.

If plainitffs were truly honest that their claim is only worth $40,000.00, they would accept a dismissal with prejudice—which my clients are willing to offer.  Attorneys' fees alone would surely exceed that sum regardless of where this case is tried making a case of that value pointless.

For the above reasons, my clients oppose plaintiffs' request.

Thank you for your attention to the above.

    Respectfully,

*Anthony N. Iannarelli Jr.*
Anthony N. Iannarelli Jr.

<u>Via Electronic Filing</u>
cc:  Mr. Gregory Smith, Esq.
     Mr. Douglass M. Schneider, Esq.